Mark D. Kremer (SB# 100978)
 *m.kremer@conklelaw.com*
Evan Pitchford (SB# 256536)
 *e.pitchford@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff American
International Industries

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL INDUSTRIES, a California General Partnership, <br><br> Plaintiff, <br><br> v. <br><br> 21 DAY NAILS LLC, a California Limited Liability Company; BRANDON ISCHOVITSCH, an individual; and DOES 1 through 20, inclusive, <br><br> Defendant. | CASE No. <br><br> **COMPLAINT FOR:** <br><br> 1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]** <br><br> 2. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)]** <br><br> 3. **CYBERPIRACY [15 U.S.C. § 1125(d)]** <br><br> 4. **STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [B&P CODE §§ 17200 & 17500]** <br><br> 5. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

0067.231\9998

American International Industries ("AII") alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendants are subject to the Court's personal jurisdiction with respect to this action under 28 U.S.C. § 1391(c)(2).

**THE PARTIES**

3.      AII is a California General Partnership with its principal place of business in Los Angeles, California.

4.      21 Day Nails LLC ("21 Day") is a California Limited Liability Company. On information and belief, 21 Day is in the business of manufacturing and distributing nail care products.

5.      Brandon Ischovitsch ("Ischovitsch") is the listed registrant of the "www.gellit.com" domain name, and, upon information and belief, is affiliated with 21 Day in a capacity that is currently unknown to AII.

6.     On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate AII's rights, but AII is ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names DOES 1 through 20, inclusive.  AII is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which AII alleges in this Complaint. AII will seek to amend this Complaint to state the true identities of Does 1 through 20 when ascertained.   21 Day, Ischovitsch, and the Doe Defendants are referred to collectively as "Defendants."

7.     On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship.   The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to the conspirators and have ratified and adopted the acts of their co-conspirators.

8.     On information and belief, there exists, and at all times herein mentioned there existed, a unity of interests and ownership between Defendants such that any individuality and separateness between the Defendants never existed or has ceased to exist, and the Defendants are in each instance the alter ego of the other Defendants who control each entity.  To adhere to the fiction of the separate existence of the entities as separate and distinct from the Defendants identified with them as owning and controlling them would permit an abuse of the corporate and other entity privileges, would sanction fraud and would promote injustice.

## AII'S GEL IT PRODUCTS

9.      AII has produced and distributed in commerce nail care products under the distinctive trademark "Gel It" (the "Gel It Products") since at least 2004. AII's Gel It Products are popular gel nail polishes, finishes, cleansers, ultraviolet lamps, and other accessories which have gained extensive recognition in the beauty industry and with the public. True and correct color images of examples of Gel It Products are shown below:




## AII'S GEL IT TRADEMARK

10.      The Gel It Products bear the word mark GEL IT (the "Gel It Mark"). The Gel It Mark is federally registered in Class 3 on the Principal Register of the United States Patent and Trademark Office ("USPTO") under Registration No. 2,918,202 for use with nail care preparations and nail grooming products, such as AII's well-known Gel It Products featured in the image above.  The Gel It Mark is incontestable under 15 U.S.C. § 1065. The Gel It Mark has been in use in commerce since at least 2004.

11.      Through AII's use of the Gel It Mark in commerce, the Gel It Mark has built goodwill and value such that consumers associate the Mark with high quality nail

1    care products from a single source.  AII owns all rights and interest in, and goodwill
2    associated with, the Gel It Mark and the Gel It Products.

3

4                    **DEFENDANTS' SALE OF INFRINGING PRODUCTS**

5

6         12.    Defendants have advertised and distributed products that appear to be
7    identical to AII's gel products and accessories using the confusingly similar term
8    "Gellit" (the "Infringing Products").  Defendants prominently place "Gellit" on the
9    front of all products and packaging in large text and feature "Gellit" in their advertising.
10   The following is a true and correct color image of Infringing Products taken from
11   Defendants' website, "www.gellit.com":

12



22

23        13.    Defendants own and operate a commercial website, "www.gellit.com,"
24   which uses as its domain name the term "Gellit," which is virtually identical and
25   confusingly similar to the Gel It Mark.  Purchases of the Infringing Products may be
26   made directly from Defendants' website.

27

28

14.    Defendant 21 Day has also applied for federal registration of the mark "GELLIT TURN ANY NAIL POLISH INTO GEL," Application Serial No. 86/264,329, in Class 3 for use with "Cosmetics; Nail gel."  In its application, 21 Day claims it first used the mark at least as early as February 1, 2014, and submitted the image below as a specimen showing use in commerce.



## FIRST CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114
## (AGAINST ALL DEFENDANTS)

15.    AII incorporates and realleges paragraphs 1 through 14 of this Complaint.

16.     AII owns the federally registered Gel It Mark, Reg. No. 2,918,202. Defendants have infringed the Gel It Mark by using the virtually identical and confusingly similar word "Gellit" with the Infringing Products without AII's authorization.   Defendants prominently place the word "Gellit" on the Infringing Products and use the word "Gellit" as the domain name for their commercial website to sell the Infringing Products ("www.gellit.com").   The Infringing Products are also in the same class of goods as AII's Gel It Products to which the Gel It Mark is applied. Indeed, the Infringing Products appear to be the same or similar type of gel nail care products as AII's gel nail products sold under the Gel It Mark.

17.     Defendants' distribution and sale of the Infringing Products, along with the use of the confusingly similar "www.gellit.com" domain name, have a substantial effect on interstate commerce and are likely to cause consumer confusion and to deceive the public into believing that the Infringing Products are sponsored, endorsed, or affiliated with AII's Gel It Products and AII.

18.     As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched and have caused injury to AII's Gel It Products.   Defendants' wrongful conduct has also caused injury to AII's business, goodwill, and property in an amount of damages to be proven at trial.

19.     AII has no adequate remedy at law.   Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from infringement of the Gel It Mark and use/ownership of the "www.gellit.com" domain name, AII will continue to suffer irreparable harm.

1    20.   On information and belief, Defendants knowingly, intentionally and

2   willfully intended to trade on the reputation and goodwill associated with AII's Gel It

3   Products, the Gel It Mark and to cause injury to AII.  As such, this is an exceptional

4   case within the meaning of 15 U.S.C. § 1117(a) and attorneys' fees should be awarded.

5

6                        **SECOND CLAIM FOR RELIEF**

7                **FOR FALSE DESIGNATION OF ORIGIN AND**

8            **UNFAIR COMPETITION UNDER 15 U.S.C. §1125**

9                        **(AGAINST ALL DEFENDANTS)**

10    21.   AII incorporates and realleges paragraphs 1 through 20 of this Complaint.

11

12    22.   Defendants' misappropriation of AII's Gel It Mark constitutes false

13   designation of origin and unfair competition under 15 U.S.C. § 1125(a).

14

15    23.   Defendants' distribution and sale of the Infringing Products, along with the

16   use of the confusingly similar "www.gellit.com" domain name, has a substantial effect

17   on interstate commerce and is likely to cause consumer confusion and to deceive the

18   public into believing that the Infringing Products are sponsored, endorsed, or affiliated

19   with AII's Gel It Products and AII.

20

21    24.   As a direct and proximate result of Defendants' wrongful conduct,

22   Defendants have been unjustly enriched and have caused injury to AII's Gel It

23   Products.  Defendants' wrongful conduct has also caused injury to AII's business,

24   goodwill, and property in an amount of damages to be proven at trial.

25

26    25.   AII has no adequate remedy at law.  Defendants' acts and omissions will

27   cause damages to AII that are difficult, if not impossible, to measure.  Unless

28   Defendants are preliminarily and permanently enjoined from infringement of the Gel It

1  Mark and use/ownership of the "www.gellit.com" domain name, AII will continue to
2  suffer irreparable harm.

3

4       26.    On information and belief, Defendants knowingly, intentionally, and
5  willfully intended to trade on the reputation and goodwill associated with AII's Gel It
6  Products and the Gel It Mark to cause injury to AII.  As such, this is an exceptional
7  case within the meaning of 15 U.S.C. § 1117(a) and attorneys' fees should be awarded.

8

9                          **THIRD CLAIM FOR RELIEF**
10                    **CYBERPIRACY UNDER 15 U.S.C. § 1125**
11                         **(AGAINST ALL DEFENDANTS)**

12      27.    AII incorporates and realleges paragraphs 1 through 26 of this Complaint.

13

14      28.    On information and belief, Defendants are the registrant(s) and/or
15  authorized licensees of the registrants of the "www.gellit.com" domain name in use by
16  Defendants for commercial purposes, including for sale of the Infringing Products.  On
17  information and belief, Defendants registered the "www.gellit.com" domain name in or
18  around July 2013.  AII's Gel It Mark was distinctive at the time of Defendants' domain
19  name registration.

20

21      29.    Defendants' registry, traffic, and/or use of the confusingly similar
22  "www.gellit.com" commercial website constitutes cyberpiracy under 15 U.S.C. §
23  1125(d).

24

25      30.    On information and belief, Defendants' registry, traffic, and/or use of the
26  "www.gellit.com" domain name and website was done with a bad faith intent to profit
27  from AII's Gel It Mark.  The "www.gellit.com" domain name is virtually identical to
28  and confusingly similar to the Gel It Mark.  The registry, traffic, and/or use of the

"www.gellit.com" domain name and website has a substantial effect on interstate commerce and is likely to cause consumer confusion and to deceive the public into believing that the Infringing Products are sponsored, endorsed, or affiliated with AII's Gel It Products and AII.

31.   AII has no adequate remedy at law.  Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from using the "www.gellit.com" domain name and website and/or required to transfer the domain name to AII, AII will continue to suffer irreparable harm.

32.   On information and belief, Defendants knowingly, intentionally, and willfully intended to trade on the reputation and goodwill associated with AII's Gel It Products, the Gel It Mark, and to cause injury to AII.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and attorneys' fees should be awarded.

33.   AII reserves its right under 15 U.S.C. § 1117(d) to elect to an award of statutory damages for Defendants' improper and unlawful registry, traffic, and/or use of the "www.gellit.com" domain name.

## FOURTH CLAIM FOR RELIEF
## STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING
## UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500
## (AGAINST ALL DEFENDANTS)

34.   AII incorporates and realleges paragraphs 1 through 33 of this Complaint.

35.   Defendants' actions constitute infringement of AII's common law rights in the Gel It Mark.

36.     Defendants' unfair business practices, acts of infringement and misleading advertising practices are in violation of California Business and Professions Code Section 17200 *et seq*. and California Business and Professions Code Section 17500 *et seq*.

37.     In performing the acts and unfair business practices, Defendants are engaging in unlawful and unfair competition in violation of AII's rights.  Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit.  Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

38.     AII has no adequate remedy at law.  Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful and unfair acts alleged, including infringement of the Gel It Mark, AII will continue to suffer irreparable harm.

**FIFTH CLAIM FOR RELIEF**

**FOR COMMON LAW TRADEMARK INFRINGEMENT AND**

**UNFAIR COMPETITION**

**(AGAINST ALL DEFENDANTS)**

39.     AII incorporates and realleges paragraphs 1 through 38 of this Complaint.

40.     Defendants' actions constitute infringement of AII's common law rights in the Gel It Mark and AII's Gel It Products, and will confuse and deceive the public concerning the source, affiliation or sponsorship of the Infringing Products.

41.    In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of AII's rights.

42.    As a direct and proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched and have caused injury to AII's Gel It Products.  Defendants' wrongful conduct has also caused injury to AII's business, goodwill, and property in an amount of damages to be proven at trial.

43.    On information and belief, Defendants' acts and omissions were committed knowingly, intentionally, and willfully with the intent to trade on the goodwill of AII's Gel It Products and the Gel It Mark.

44.    AII has no adequate remedy at law.  Defendants' acts and omissions will cause damages to AII that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful and unfair acts alleged including infringement of the Gel It Mark, AII will continue to suffer irreparable harm.

45.    On information and belief, Defendants knowingly, intentionally, and willfully intended to trade on the reputation and goodwill of AII's Gel It Products and the Gel It Mark, to cause injury to AII.  AII should be awarded punitive damages.

**PRAYER**

**WHEREFORE**, AII prays for judgment as follows:

1.    For preliminary and permanent injunctive relief against the Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and

all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

2.     Infringing any trademark, trade dress or other intellectual property right owned or controlled by AII;

3.     Causing a likelihood of confusion, deception, or mistake as to the source, nature, or quality of AII's goods or causing confusion, deception or mistake as to the source, nature or quality of Defendants' goods;

4.     Using any false designation of origin or false representation concerning any of Defendants' goods; and

5.     Violating any statute, decision, rule or regulation of any governmental entity in the course of the offering, disposition or sale of any of the Infringing Products;

6.     For an order directing Defendants, and each of them, to file with this Court and serve on AII within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7.     For an order requiring Defendants, and each of them, to deliver to AII all products, literature, and other material bearing any infringing trademarks or a use of any trademark constituting federal, California state or common law unfair competition;

8. For an order requiring Defendants, and each of them, to transfer the "www.gellit.com" domain name to AII, or, in the alternative, to forfeit and cancel the "www.gellit.com" domain name;

9. For an order requiring Defendants to account for all sales and transfers of any of the Infringing Products, including an order that they submit to AII immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Infringing Products;

10. For an accounting from each Defendants of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

11. For damages in an amount according to proof at trial and trebled as permitted or required by law;

12. For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to AII to the fullest extent allowed by law;

13. For punitive and exemplary damages in an amount sufficient to punish defendants and defer such conduct in the action;

14. For attorneys' fees;

15. For costs; and

1    16.    For such other and further relief as the Court deems just and proper.

2

3    Dated:  June 30, 2014                Mark D. Kremer
                                          Evan Pitchford, members of
4                                         CONKLE, KREMER & ENGEL
                                          Professional Law Corporation
5

6

7

8                                  By: */s/ Evan Pitchford*
                                       Evan Pitchford
9                                      Attorneys for Plaintiff American
                                       International Industries
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

Dated:  June 30, 2014             Mark D. Kremer
                                           Evan Pitchford, members of
                                           CONKLE, KREMER & ENGEL
                                           Professional Law Corporation

By: */s/ Evan Pitchford*
                     Evan Pitchford
                     Attorneys for Plaintiff American
                     International Industries